UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. D/B/A INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>JEANETTE COSTANZA RUIZ ARIAS, et al.,<br><br>Defendants. | Case No.  23-cv-01371-JD<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiff Innovative Sports Management, Inc., alleges that defendants 818 Sports Bar & Grill, Inc. and owner Jeanette Arias, played without permission a televised soccer game for which Innovative Sports holds exclusive distribution rights.  Dkt. No. 1.  Defendants did not respond to the complaint or otherwise participate in the case, and the clerk entered default.  Dkt. No. 19.  Innovative Sports asks for a default judgment pursuant to Federal Rule of Civil Procedure 55(b) on claims of a violation of the federal Communications Act, 47 U.S.C. § 605, or Cable Communications Policy Act, 47 U.S.C. § 553, and for common-law conversion.  Dkt. No. 20 at 3.

After Innovative Sports filed this motion, a sister district court determined in another action that the State of New Jersey had revoked its charter, and the court ordered Innovative Sports to show cause why it should not be held in contempt or sanctioned for prosecuting multiple cases on behalf of an improper party.  *See* Order to Show Cause, *Innovative Sports Management, Inc. v. Portocarrero*, No. 19-cv-08726-TJH-PLA (C.D. Cal. Aug. 3, 2023) (Dkt. No. 95).  The record eventually indicated that Innovative Sports' corporate charter has been reinstated, C.D. Cal. Dkt. No. 100 at ECF pp. 81 & 85, which acts retroactively, *see* N.J. Stat. Ann. § 14A:4-5(7)(b) ("The reinstatement relates back to the date of issuance of the proclamation revoking the

1    certificate of incorporation … and shall validate all actions taken in the interim."). The order to
2    show cause was dissolved. C.D. Cal. Dkt. No. 101. Consequently, the Court will consider
3    Innovative Sports' request. A default judgment is granted in part.

**DISCUSSION**

**I. JURISDICTION AND SERVICE**

The signal piracy claims under the Title 47 raise a federal question and the Court may exercise supplemental subject matter jurisdiction over the state causes of action. *See* 28 U.S.C. §§ 1331, 1367. Innovative Sports timely served the summonses by substitute service and by mail in accordance with the Federal Rules of Civil Procedure and California law. Dkt. Nos. 13, 14. *See* Fed. R. Civ. Proc. 4(e)(1), 4(h); Cal. Code Civ. Proc. § 415.20(a)-(b). The default judgement motion was accompanied by an adequate proof of service by mail. Dkt. No. 20 at ECF p. 4.

**II. DEFAULT JUDGMENT**

The standards for entry of a default judgment under Rule 55(b)(2) are stated in the Court's prior orders, which are incorporated here. *See Johnson v. Santa Clara Plaza 478, LLC*, No. 20-cv-06098-JD, 2022 WL 4624768, at *2 (N.D. Cal. Sept. 30, 2022); *FormFactor, Inc. v. Mr. Prober Tech. Inc.*, No. 13-cv-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015). In pertinent part, the Court considers "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The key factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together, "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

On the merits, Innovative Sports held the exclusive nationwide distribution rights for a soccer game that defendants unlawfully intercepted and exhibited on March 29, 2022, on six

television screens and for approximately 40 patrons. Dkt. Nos. 1 ¶¶ 19, 24; 20-2 (investigator's affidavit). The telecast "originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees." Dkt. No. 1 ¶ 23. Nothing in the record indicates the method of transmission of the game by the defendants.

Title 47 differentiates penalties for signal piracy based on the mode of the interception. Section 605 concerns the interception of radio communications, including "satellite television signals," *DirecTV, Inc. v. Webb*, 545 F.3d 837, 843-44 (9th Cir. 2008) (construing 47 U.S.C. § 605), while section 553 prohibits "intercepting or receiving any communications service offered over a cable system," 47 U.S.C. § 553. Section 605 imposes damages of at least $1,000 and mandates an award of attorneys' fees and costs. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II); *id.* § 605(e)(3)(B)(iii). It also requires a showing that the "display of the [game] [was] a 'radio communication' as it is defined under § 605 or otherwise involved a satellite television signal." *G & G Closed Circuit Events, LLC v. Liu*, 45 F.4th 1113, 1115 (9th Cir. 2022).

Innovative Sports is entitled to judgment under section 553 but not section 605, because nothing in the record indicates that the game was displayed using "a satellite television signal," or that defendants even receive satellite television or internet services. *Liu*, 45 F.4th at 1115. Other courts in this District have reached the same conclusion in similar situations. *See*, *e.g.*, *G & G Closed Cir. Events, LLC v. Segura*, No. 20-vc-07576-WHA, 2021 WL 3141191, at *3 (N.D. Cal. July 26, 2021), *aff'd*, No. 21-16381, 2022 WL 1499650 (9th Cir. May 12, 2022).

Innovative Sports is entitled to judgment on its conversion claim because it demonstrated that defendants "converted [its] property by a wrongful act," causing lost profits. *Bank of New York v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).

Defendant Arias is vicariously liable for the unlawful conduct of her business because she "derived a direct financial benefit from the [interception] and had the right and ability to supervise the infringing activity." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). The exhibition was shown on six television screens to a substantial crowd of patrons. Dkt. No. 1 ¶ 17; Dkt. No. 20-2. Arias is the director and CEO of the bar. Dkt. No. 1 ¶¶ 9-14; Dkt. No. 20-4.

The other *Eitel* factors also favor entry of default judgment. Innovative Sports will be prejudiced if default judgment is not granted, as it will be otherwise unable to obtain any remedy due to defendants' failure to appear. Because defendants have not appeared despite proper service, there is "no indication that [the] default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible." *Broad. Music, Inc. v. JMN Rest. Mgmt. Corp.*, No. 14-cv-01190-JD, 2014 WL 5106421, at *2 (N.D. Cal. Oct. 10, 2014).

**III. RELIEF SOUGHT**

For the fourth *Eitel* factor, Innovative Sports asks for $4,000 in statutory damages and a $20,000 enhancement, plus $550 for the conversion claim based on the licensing fee that defendants would have had to pay had they behaved lawfully, and attorneys' fees and costs. *See* Dkt. No. 20-1.

Because the Court denies a default judgment on the section 605 claim, it will consider statutory damages under section 553 only. The statute contemplates damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). Damages may be increased by up to $50,000 if the "the violation was committed willfully and for the purposes of commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B)).

Innovative Sports says that an $8,500 award that it obtained in a prior case in this District against the same defendants should serve as "the floor" for statutory damages here. Dkt. No. 20-1 at 13 (citing *Innovative Sports Mgmt., Inc. v. Arias*, No. 22-cv-05773-WHA, 2023 WL 3801917 (N.D. Cal. June 1, 2023)). The Court declines to treat the prior determination as a floor, but a total award of $8,500 here is reasonable, mainly because it is the same defendant engaged in the same misconduct. Consequently, damages in the amount of $8,500 will justly compensate plaintiff for its losses, account for any profits that defendants may have earned at plaintiff's expense, and deter signal piracy.

The Court awards $550 in damages for the conversion claim, which the record indicates was the value of the right to display the game at defendants' establishment. *See* Cal. Civ. Code § 3336.

**CONCLUSION**

Judgment will be entered in the amount of $9,050 for Innovative Sports on its claims for violation of 47 U.S.C. § 553 and conversion, after any request for attorneys' fees and costs is resolved. Innovative Sports may submit its request for attorneys' fees and costs pursuant to section 553(c)(2) by December 15, 2023.

**IT IS SO ORDERED.**

Dated: November 20, 2023

JAMES DONATO
United States District Judge