UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEANETTE COSTANZA RUIZ ARIAS, et al., <br><br> Defendants. | Case No.  23-cv-01371-JD <br><br> **SECOND ORDER RE ATTORNEY'S FEES AND COSTS** |

After entry of a default judgment against defendants, Dkt. No. 27, plaintiff's attorney, Thomas Riley, filed a motion for attorney's fees and costs, Dkt. No. 28. The request was denied without prejudice because it contained "numerous duplicative time entries, including for clerical tasks billed at hourly rates," and sought "hundreds of dollars in fees associated with an order to show cause issued against Riley by another court in another case." Dkt. No. 29. Attorney Riley filed a revised motion with "apologi[es] to the Court for the errors." Dkt. No. 30 at 2. The requested fees are granted in part.

The revised motion rather oddly seeks slightly more in fees than the original motion did, even without adding new time for preparation of the revised motion. *Compare* Dkt. No. 28-1 (seeking $4,518.00 in fees) with Dkt. No. 30 (seeking $4,532.75 in fees). It also includes fees associated with an order to show cause filed by another court in another case. *See* Dkt. No. 30 at ECF pp. 7-8.

Another problem is that the revised motion combines the duplicative time entries for attorney Riley and his administrative assistant into inflated bills from attorney Riley at attorney rates for the same clerical tasks. *Compare*, *e.g.*, Dkt. No. 28-1 at ECF p. 6 (billing $12.00 for .10

1  hours of assistant time and $60.00 for .10 hours of attorney Riley's time to "[r]eview" an order

2  assigning this case to a magistrate judge), *with* Dkt. No. 30 at ECF p. 7 (billing $72.00 for .12

3  hours of Riley's time for the same task). The revised invoice now represents that Riley spent .14

4  hours preparing, reviewing, filing, and serving "Plaintiff's Declination to proceed before a US

5  Magistrate Judge," rather than the .10 hours originally claimed for reviewing and executing the

6  same. This appears to be an effort to solve the duplication problem by passing off clerical work as

7  attorney work.

Attorney Riley may not recover the overhead costs. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."); *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993) (agreeing that such clerical tasks include "the filing of pleadings"). There is a strong indication that attorney Riley knows that these costs are not recoverable and has been repeatedly denied them in other cases. *See G & G Closed Cir. Events, LLC v. Miranda*, No. 20-cv-07684-CRB, 2022 WL 35602, at *2 (N.D. Cal. Jan. 4, 2022); *G & G Closed Cir. Events, LLC v. Segura*, No. 20-cv-07576-WHA, 2021 WL 4978456, at *1 (N.D. Cal. Sept. 28, 2021).

These circumstances raise concerns about the overall integrity of the revised fees request. The Court will hold attorney Riley to his original sworn invoice, which indicated 2.75 hours of his time at a rate of $600.[1] *See* Dkt. No. 28-1 at ECF p. 8. That request will be reduced by the .3 hours (or $180) Riley spent on the order to show cause from another case, resulting in a total of $1,470. Riley may also obtain fees associated with the research attorney, who is said to have worked 6 hours at $325 per hour. *Id*. That amount will be reduced by 2 hours (or $650), because 5 hours is too long to spend on a motion that is virtually identical to others filed by Riley's firm in this District. *Compare* Dkt. No. 20-1 at 4, with Motion for Default Judgment, *Segura*, No. 20-cv-07576-WHA (Dkt. No. 21-1) at 3. Consequently, the fee award for the research attorney will be

---

[1] Riley has demonstrated that the attorney rates are reasonable for this work in this District. *See Segura*, 2021 WL 4978456, at *1.

1    $1,300.  As indicated, Riley will not receive the $918 in attorney's fees sought for clerical tasks
2    billed by the administrative assistant.  Nor may he recover the pre-filing investigation costs of
3    $725.  *See*, *e.g.*, *Miranda*, 2022 WL 35602, at *3.
4        In summary, plaintiff may recover $2,770 in attorney's fees and $612.16 in costs, and
5    judgment in the case will be entered separately.
6    **IT IS SO ORDERED.**
7    Dated:  July 11, 2024

JAMES DONATO
United States District Judge